UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN PABLO ROJAS,

    Petitioner,

v.                                        Civil No. 98-1366 (JAF)

PUEBLO DE PUERTO RICO,

    Respondent.

**OPINION AND ORDER**

We have before us Petitioner's request for habeas corpus relief from a state court conviction, pursuant to 28 U.S.C. § 2254. We decline to review the merits of the habeas corpus petition at this time because Petitioner has failed to exhaust all state court remedies on several of his claims. Consequently, we dismiss the petition without prejudice for the reasons fully enunciated herein.

I.

**Background**

Petitioner was convicted and sentenced for murder in the first degree. He was sentenced to two consecutive terms of ninety-nine years of imprisonment. Following a notice of his intention to appeal, the Court of First Instance for the Commonwealth of Puerto Rico assigned Petitioner legal representation. A Rule 192.1 motion asking for a new trial was filed, and the court allowed the petition to proceed to the state appellate court. P.R. R. Crim. P. 192.1, 34

Civil No. 98-1366 (JAF)                                                              2-

L.P.R.A. App. II, R. 192.1. Based on a review of the case and a mistaken understanding that the Petitioner pleaded guilty to the charges brought against him, the appellate court determined that the adequate forum to consider his claim was the Supreme Court of Puerto Rico.

The Rule 192.1 motion reached the Puerto Rico Supreme Court, and the court ordered legal representation for Petitioner. The attorney representing Petitioner presented a petition for certiorari alleging two errors committed by the trial court. The first allegation was that the lower court violated Petitioner's Fifth Amendment right against self-incrimination. U.S. Const. amend. V. Petitioner maintained that the court erred in admitting a sworn statement Petitioner had given while in custody, without the assistance of counsel. In addition, Petitioner alleged that the statement was obtained after the investigators considered him a suspect and made false promises to him. The second error alleged by Petitioner was that the lower court erred when it found Petitioner had waived his rights to be advised by an attorney and not to incriminate himself. Petitioner contended that he had not waived his rights. The Supreme Court of Puerto Rico confirmed the lower court's sentence.

Civil No. 98-1366 (JAF)                                                          3-

## II.

### Discussion

In the petition for writ of habeas corpus before us, Petitioner, acting *pro se*, claims six grounds for relief. First, Petitioner claims that he gave a sworn, self-incriminating statement after his arrest because the Government promised him immunity and residency in the United States in return for his statement. Furthermore, he alleges that the Government attempted to deceive him through numerous ways so as to obtain the confession that was later used against him. Second, Petitioner contends that the Government never informed him of his right to have legal counsel present during his interrogation in order to protect himself against self-incrimination. Third, Petitioner claims that his codefendant at trial, Angel Frías, was prepared to present testimony that would have exonerated Petitioner. Fourth, Petitioner asserts that he received ineffective assistance of counsel. Fifth, Petitioner maintains that the Government violated his right to due process when it failed to disclose to the defense a witness who could have testified that Petitioner was not at the scene of the crime. Finally, Petitioner claims that he was denied an adequate defense because he was denied access to evidence and testimony that would have permitted him to impeach a witness.

Federal habeas corpus relief may not be granted "unless it appears that the applicant has exhausted the remedies available in

Civil No. 98-1366 (JAF)                                                    4-

the courts of the state . . . ." 28 U.S.C. § 2254(b). The Commonwealth of Puerto Rico provides for appellate relief for "any person imprisoned by virtue of a judgement rendered by any division of the court of first instance." 34 L.P.R.A. App. II, R. 192.1(a). In addition, every person unlawfully imprisoned or restrained of his liberty is entitled to state habeas corpus post-conviction relief. 34 L.P.R.A. § 1741(a).

The exhaustion rule in 28 U.S.C. §§ 2254(b) and (c) requires a federal district court to dismiss a petition for writ of habeas corpus containing any claim that has not been exhausted in state court. Additionally, the Supreme Court has held that a habeas corpus petition must be dismissed if it contains both, exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982); Gagne v. Fair, 835 F.2d 6,9 (1st Cir. 1987); Dougan v. Ponte, 727 F.2d 199, 200 (1st Cir. 1984).

We find that Petitioner has prematurely filed the instant request for federal habeas corpus relief. He failed to exhaust the available state remedies for the last four grounds which he currently asserts. In fact, the Puerto Rico Supreme Court only reviewed the first two claims asserted in the habeas corpus petition. Prior to the present petition, Petitioner failed to raise any of the other claims. As Petitioner's habeas petition contains both exhausted and unexhausted claims, we dismiss the entire petition. See Rose, 455

Civil No. 98-1366 (JAF)                                                                 5-

U.S. at 520; see also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]

Petitioner has the choice of returning to state court and seeking disposition of the unexhausted claims or submitting a new petition to the district court containing only the claims for which he has exhausted all remedies. See Rose, 455 U.S. at 520.

### III.

### Conclusion

In accordance with the foregoing, we **DISMISS** Petitioner's section 2254 petition without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of November, 1999.

JOSE ANTONIO FUSTE
U.S. District Judge

---

[1]Rule 4 states:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Rule 4, Rules Governing Section 2254 Cases In The United States District Courts.